**BERLECZKY v N. O. P. & L. CO.**

Ohio Appeals, 9th Dist, Summit Co

No 1836. Decided March 16, 1931

O. L. Dally, Akron, for Berleczky.

R. H. Nesbitt, Akron, for N. O. P. & L. Co.

**PARDEE, PJ:**

We do not believe that the trial court committed any error in excluding the evidence offered by the plaintiff and about which complaint is made in this court. The defendant owed to the decedents and the public a high degree of care in the operation of said high tension wires, and it did not make a bit of difference, so far as its liability is concerned, under the facts in this case, whether the wires were poorly insulated or not, or whether the statute required the defendant to have the wires insulated sufficiently to restrain the electricity from passing through said insulation—the sole question being whether the defendant owed the decedents any duty which it failed to discharge under the circumstances.

The wires were 30 to 35 feet above the ground and in a place where the defendant had been granted the right to have them for the purpose for which they were then being used. The water tower to which one end of the aerial had been attached, was 125 feet high, upon the property of another, and between that property and the alley there was a right of way of a railroad company.

The company was using the alley in a way and for a purpose granted it by the city. The decedents had a right to use the alley as ordinarily and usually used by the public. If the decedents had used the alley only in such way, the accident

would not have happened. The defendant was not required to anticipate that anyone would attempt to use the alley in the unusual way the decedents did in this case. The foregoing seems to be the well established rule, supported by textbooks and authorities. (25 L.R.A. (N.S.) 1220).

The trial court was right in holding, as a matter of law, that the defendant was not negligent. The judgment is therefore affirmed.

The issues in case No. 1837, Stephen J. Berleczky, admr. of the estate of Mike Rabith, dec'd, v The Northern Ohio Power & Light Co., being identical with those in the foregoing case, the judgment in case No. 1837 also is affirmed.

WASHBURN, J, and FUNK, J, concur.